

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

ATTORNEY GENERAL

Honorable H. W. Pittman
County Auditor
Fayette County
LaGrange, Texas

Dear Sir:

Opinion No. O-1460
Re: Legality of county furnishing
legal blanks for civil business
in Justice Court.

Your request for our opinion on the above stated question has been received by this department. Your letter reads in part as follows:

"County officialsof Fayette County are on salary basis; precinct officers are on fee basis: Citations are issued by Justice of the Peace; served by Constable, juryfee is collected and paid to jurors by the Justice; Justice and Constable receive their fee from litigants, case is closed and county receives nothing.

"Is it legal and proper for the county to furnish legal blanks for civil businessin Justice Courts?"

Section 1 of Article 3899b of the Revised Civil Statutes reads as follows: "There shall be allowedto County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners' Court out of the County Treasury; and suitable offices shall also be provided by the Commissioners' Court for said officers at the expense of the county. And such books and stationery as are necessary in the performance of their duties shall also be furnished Justices of the Peace by said Commissioners' Court. Provided all purchases herein must be made under the provisions of Article 1659, Revised Civil Statutes of Texas, 1925."

Article 2382, Revised Civil Statutes, requires that each justice shall keep a civil docket in which he shall make the entries therein prescribed, and Article 1081, Code of Criminal Procedure, provides that each Justice of the Peace shall keep a book in which shall be entered the number and style of each criminal action in their respective courts, and the name of each witness subpoenaed, attached or recognized to testify therrein, showing whether on the part of the State or the defendants. In addition to a civil docket, a justice is required to keep such other dockets, books and records as may be

required by law; also a fee book in which shall be taxed all costs accruing in every suit commenced before him. He must retain official records in his office where they are open to inspection by any interested party. See Texas Juris. Vol. 26, p. 799.

Stationery is defined by Webster to mean paper, pens, inks, quills, blank books, etc.

The case of Harris County v. Clark, 37 S.W. p. 22, construing Article 2479, Revised Statutes of 1895, which reads in part as follows:

"There shall be allowed the county judges, clerks of the district and county courts, sheriffs and county treasurers, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners' Court, out of the county treasury; and suitable offices shall also be provided by the Commissioners' Court for said officers at the expense of the county; and that such books and stationery as are necessary in the performance of their duties, shall also be furnished Justices of the Peace by said Commissioners' Court."

Held that such stationery, including bailbonds and blank complaints as may be necessary, includes prin ed blanks other than bail bonds and complaint blanks.

Under the language of Article 3899b, supra, we think it is clearly the duty of the Commissioners' Court to furnish Justices of the Peace with such books and stationery as are necessary in the performance of their duties and that the term "books and stationery" is broad enough to include legal blanks for civil business in Justice Courts. Therefore, you are respectfully advised that it is the opinion of this department that it is legal and proper for the county to furnish legal blanks for civil business in Justice Courts.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

AW:jm:egw

APPROVED OCT. 2, 1939
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
By B W B - Chairman